IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SAMER AL-AZEM and<br>PETROHAB, LLC<br><br>    *Plaintiffs,*<br>v.<br><br>SAFE ARC TECHNOLOGY, L.L.C.,<br><br>    *Defendant.* | Civil Action No. 6:25-cv-00417 |

**JOINT STATUS REPORT**

On September 3, 2025, the Court entered an Order requiring the Parties to file a Joint Status report by September 24, 2025, providing the following information:

1)     The Parties' position on adopting the patent rules from the Eastern District of Texas, in whole or in part; and

2)     Submission to the Court of the names of three proposed neutral technical advisors.

**I.**     **Adoption of E.D. Tex. Patent Rules**

The Parties have discussed this issue and have agreed to use the E.D. Tex. Patent Rules available at https://www.txed.uscourts.gov/?q=patent-rules for purposes of this lawsuit. The Parties also agree that those Rules should be modified regarding the timing of specific events by establishing firm dates for each task required under those Rules. These proposed dates are incorporated into the attached proposed scheduling order for the Court's convenience.

Currently, the Parties do not envision that any other modifications are necessary.

1

## II. <u>Neutral Technical Advisors</u>

The Parties have conferred and have identified the following potential candidates to serve the Court as a Technical Advisor. Note that these individuals are also patent attorneys and have served as Advisors in the E.D. Tex. Their CVs are attached for the Court's convenience. These potential candidates are, in alphabetical order:

Jane Du

David Keyzer

Scott Woloson

## III. <u>Entry of Protective Order</u>

The Parties have attempted to negotiate a Discovery Protective Order for this case but have reached an impasse on three issues.

The first issue is what individuals associated with a Party can have access to Attorney Eyes Only information. Plaintiff PetroHab's sole owner and officer is Plaintiff Samer Al-Azem. *See* 2(a)(ii).

| Plaintiff's Position | Defendant's Position |
| --- | --- |
| Plaintiffs' position is that Mr. Al-Azem will need access to AEO information, such as revenue information, to make informed decisions about this case. | Plaintiffs have contended that the parties are competitors, and Defendant objects to the sharing of sensitive business materials such as revenues and pricing with a competitor individual who is involved in competitive decision-making on behalf of Plaintiffs. Defendant proposes that Mr. Al-Azem be |

| Plaintiff's Position | Defendant's Position |
|---|---|
|  | permitted to receive Confidential Information, but not Attorneys' Eyes Only Information, and only after he has signed an Agreement to be bound by the Court's Protective Order. Defendant's proposal is to not add Plaintiff's paragraph 2.a(ii) to the Protective Order and to renumber the remaining subparts of paragraph 2.a. |

The second issue concerns whether information produced in this lawsuit can be used in the parallel IPR proceeding at the United States Patent and Trademark Office in the event such proceeding is instituted. *See* 4(b).

| Plaintiff's Position | Defendant's Position |
|---|---|
| Plaintiffs propose that a Party wishing to use such information in the IPR first request permission from the producing Party. If agreement cannot be reached, the Party may file a motion with the Court seeking permission to use such document/information in the IPR. While the PTAB's discovery procedures are limited in scope, to the extent | Defendant proposes that Confidential documents and information produced in this litigation can only be used in this litigation. The PTAB includes its own discovery procedures, its own protective orders, and its own procedures for protecting confidential information produced in that forum. Defendant objects to Plaintiffs' attempt to use |

| Plaintiff's Position | Defendant's Position |
|---|---|
| the needed information can be obtained through the PTAB, it will be. But if the needed information is not available through PTAB discovery or not available in a timely manner, Plaintiff should be allowed to seek relief from the Court to allow use of relevant discovery from this case at the PTAB. | this forum as a mechanism to get around compliance with the PTAB's discovery procedures. Defendant's proposal is to omit paragraph 4(b). |

The third issue involves the definition of Attorneys' Eyes Only Information. *See* 3(c).

| Plaintiff's Position | Defendant's Position |
|---|---|
| Documents from which AEO information can be reasonably redacted should also be provided in redacted form as Confidential. Plaintiffs envision that a Party receiving a AEO document would ask the producing party to also produce a redacted Confidential version of the document. This provision is not intended to prevent AEO production of documents that can be later redacted on request. | While the parties are not far off on this definition, Plaintiff proposes to include the following sentence to this definition: "**This [AEO] designation shall not be applied to routine business records, financial data, correspondence, or other materials where redaction of sensitive portions would suffice.**" Defendant submits that this sentence creates an overly burdensome obligation to redact AEO materials that are, by nature, highly confidential and sensitive. Defendant |

| Plaintiff's Position | Defendant's Position |
|---|---|
|  | respectfully proposes that this sentence should be omitted from the Protective Order. |

The proposed Protective Order with the Parties' positions is attached. The Parties respectfully request that they be permitted to address these disputes with the Court at the Scheduling Conference.

Dated September 24, 2025.

Counsel for Plaintiffs

 /s/ Al Deaver
Robert J McAughan , Jr
713-829-3851
bmcaughan@md-iplaw.com
Albert B Deaver , Jr
281-460-2315
adeaver@md-iplaw.com
McAughan Deaver PLLC

550 Westcott Ste 375
Houston, TX 77007


Cliff A LaCour
clacour@neunerpate.com
Dean Anderson Cole
dcole@neunerpate.com
Neuner Pate
1001 W Pinhook Rd Ste 200
Lafayette, LA 70503
337-237-7000
Fax: 337-233-9450

Counsel for Defendant

 /s/ Ted Anthony (with permission ABD)
Ted M Anthony
tanthony@bpasfirm.com
Sarah Boehme Dupont
sdupont@bpasfirm.com
Babineaux Poche et al
P O Box 52169
Lafayette, LA 70505-2169
337-984-2505
Fax: 337-984-2503



Wayne M. Helge (admitted pro hac vice)
James T. Wilson (admitted pro hac vice)
BUNSOW DE MORY LLP
277 S. Washington St., Suite 210, #1088
Alexandria, VA 22314
Telephone: (571) 208-0186
Fax: (415) 426-4744
whelge@bdiplaw.com
jwilson@bdiplaw.com

## **CERTIFICATE OF SERVICE**

On September 24, 2025, the foregoing document was served by email on all counsel of record through the Court's CM/ECF filing system, and by personal email.

      /s/ Al Deaver
   Albert B. Deaver, Jr.